IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZURABI JAVAKHADZE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-CV-00617-E |
| ALEJANDRO MAYORKAS et al., | § § § | |
| Defendants. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions for summary judgment: Javakhadze's motion for summary judgment, (ECF No. 15), and the Government's cross-motion for summary judgment, (ECF No. 18).[1] Having carefully considered the motions; the Parties' briefing; appendices; and the applicable law—for reasons that follow—the Court grants the Government's motion for summary judgment and denies Javakhadze's motion for summary judgment.

### I.  BACKGROUND

Javakhadze is a Georgian-born, Georgian citizen who filed his Immigration Petition for Alien Worker (Form I-140) on his own behalf on October 17, 2019. (ECF No. 17-8 at 46-56). The Court refers to this petition as "the EB-1 petition." Javakhadze filed as "[a]n alien of extraordinary ability" with a job title of a "Chess Player." (ECF No. 17-8 at 46, 49).[2] Javakhadze's EB-1 petition asserted that he met several of the ten criteria in the regulations—qualifying him as an alien of

---

[1] The Court refers to Defendants collectively as the "Government."

[2] Javakhadze refers to this EB-1 category as an "Einstein Visa." (*See* ECF No. 1 at 3); *see also, e.g.*, KIRAN RAMESH GADHAVE, Plaintiff, v. KIRT THOMPSON, in his official capacity as Dir., U.S. Citizenship & Immigr. Servs., Texas Serv. Ctr., et al., Defendants. Additional Party Names: Mary Elizabeth Brennan Seng, No. 3:21-CV-2938-D, 2023 WL 6931334, at *2 (N.D. Tex. Oct. 19, 2023) (discussing the same colloqial reference).

extraordinary ability. (ECF No. 17-9 at 4-6). On June 2, 2020, The United States Citizenship and Immigration Services (USCIS) requested further evidence from Javakhadze. (ECF No. 17-7 at 7-14). On October 5, 2020, Javakhadze responded by letter, attaching further evidence. (*See* ECF No. 17-7 at 15-20). On February 1, 2021, USCIS denied Javakhadze's EB-1 petition. (ECF No. 17-6 at 51-56).

On March 18, 2021, Javakhadze initiated this litigation—alleging the denial of his EB-1 petition was "arbitrary and capricious." (ECF No. 1 at 13-15). On August 26, 2021, USCIS "*sua sponte* . . . reopen[ed] the petition"—requesting further evidence from Javakhadze. (ECF No. 17-6 at 41-49). On February 1, 2022, USCIS again denied Javakhadze's EB-1 petition. (ECF No. 17-1 at 1-10; ECF No. 15-1). This second denial letter states that Javakhadze met only one of the ten criteria—that he has obtained the title of International Master, thereby meeting the criteria for "receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor." (ECF No. 15-1 at 4). The second denial letter further addressed Javakhadze's remaining evidence on the other criteria. (ECF No. 15-1 at 4-9). Ultimately, USCIS concluded that (i) "a review of the totality of the record does not demonstrate, through a preponderance of the evidence, that the self-petitioner is one of that small percentage who have risen to the very top of the field of endeavor, and that the self-petitioner has sustained acclaim;" and (ii) it did "not find [Javakhadze] to be an individual of extraordinary ability." (ECF No. 15-1 at 10).

Javakhadze moved for summary judgment arguing that his EB-1 petition denial was arbitrary and capricious—thereby asking the Court to set aside the denial of his EB-1 petition. (ECF Nos. 15-16). The Government responded and simultaneously filed a cross-motion for summary judgment arguing that "USCIS is entitled to summary judgment because the decision denying Plaintiff's petition articulated a reasoned explanation that was neither arbitrary,

capricious, nor otherwise not in accordance with the law." (ECF No. 19 at 6-7). Each Party has filed a respective reply, (ECF Nos. 20, 22). The Government filed the administrative record. (ECF No. 17). Having been fully briefed, the Court determines the Parties' motions for summary judgment are ripe for adjudication.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. A court must view all evidence and draw all reasonable inferences in the light most favorable to a party opposing a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on the motion. *Reeves*, 530 U.S. at 150, 120 S.Ct. 2097; *Anderson*, 477 U.S. at 254-55, 106 S.Ct. 2505. Moreover, the evidence the non-movant provides must raise "more than ... some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The evidence must be such that a jury could reasonably find in the non-movant's favor. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

"A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57, 106 S.Ct. 2505). The Fifth Circuit has explained:

> The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.... "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992).

*Ragas*, 136 F.3d at 458. Regarding assertions of fact, Federal Rule of Civil Procedure 56 states:

> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2)-(3).

### B. Judicial Review of Agency Action

"[R]eviewing an administrative decision on summary judgment calls for a modified standard: whether the agency acted appropriately given the standards of review set forth by the Administrative Procedure Act or the statute authorizing the agency's action." *Willingham v. Dep't of Lab.*, 475 F. Supp. 2d 607, 611 (N.D. Tex. 2007) (Robinson, J.). The Court must review whether USCIS "acted within the scope of its authority, followed procedural requirements, and made an appropriate decision . . . under . . . [the] arbitrary-and-capricious standard[ ]." *Willingham*, 475 F. Supp. 2d at 611 (citing *Miss. Comm'n on Nat. Res. v. Costle*, 625 F.2d 1269, 1274–75 (5th Cir. 1980)).

The Administrative Procedure Act (APA) provides a way for individuals "adversely affected ... by agency action" to obtain judicial review of that action. 5 U.S.C. § 702. Section 706 of the APA establishes the scope of judicial review, which "has the function of determining whether the administrative action is consistent with the law." *See Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 215 (5th Cir. 1996). Thus, the summary-judgment standard for APA claims is not whether there is a genuine dispute of material fact, but whether the agency action violated § 706. *See, e.g.*, *Tex. Comm. on Nat. Res. v. Van Winkle*, 197 F. Supp. 2d 586, 595–96 (N.D. Tex. 2002) (analyzing whether the agency action violated § 706(2)(A)).

Section 706 requires courts to "hold unlawful and set aside" agency action that is "arbitrary capricious, an abuse of discretion, [or] otherwise not in accordance with law." § 706(2)(A). An agency's decision is not arbitrary and capricious if the agency can "articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotations omitted). However, if the agency "relied on factors that Congress did not intend it to consider, failed to consider an important aspect of the problem, or offered an explanation counter to the evidence," the decision must be set aside. *Amin v. Mayorkas*, 24 F.4th 383, 393 (5th Cir. 2022) (citing *Motor Vehicle Mfrs.*, 463 U.S. at 43). This inquiry is narrow. *Motor Vehicle Mfrs.*, 463 U.S. at 43 (The scope of review under the "arbitrary and capricious" standard is narrow[.]); *see, e.g.*, *Amin*, 24 F.4th at 393 (discussing the same). If the agency "considered the relevant facts and articulated a satisfactory explanation for its decision[,] [the Court] cannot substitute [its] judgment for the agency's." *Amin*, 24 F.4th at 393. "Our task is merely to ask whether the

agency considered the relevant facts and articulated a satisfactory explanation for its decision." *Amin*, 24 F.4th at 393.

### III.  DEMONSTRATING EXTRAORDINARY ABILITY

To demonstrate extraordinary ability in the EB-1 petition context, an applicant must satisfy a two-prong test. An applicant must first submit evidence that he has "sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." 8 C.F.R. § 204.5(h)(3); *see Amin*, 24 F.4th 383, 389; *see generally Kazarian v. USCIS*, 596 F.3d 1115 (9th Cir. 2010). Satisfactory evidence includes "evidence of a one-time achievement" or evidence that shows, by a preponderance of the evidence, at least three of the following criteria:

> (i) Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;
> (ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;
> (iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;
> (iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;
> (v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;
> (vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;
> (vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;
> (viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;
> (ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or
> (x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

8 C.F.R. § 204.5(h)(3)(i)–(x). If the above criteria do not "readily apply" to the applicant's occupation, the applicant may "submit comparable evidence to establish the [applicant's] eligibility." 8 C.F.R. § 204.5(h)(4). Once an applicant meets at least three of these criteria, "[t]he agency then [moves to the second prong of the test] and conducts a 'final merits determination' to determine whether, *as a whole*, the evidence is sufficient to demonstrate that the applicant meets the 'required high level of expertise.' " *Amin*, 24 F.4th at 388 (emphasis added).

## IV. ANALYSIS

USCIS ultimately concluded that Javakhadze had not demonstrated that he was an alien with extraordinary ability. As to the first prong, USCIS concluded that Javakhadze met only one criteria—"[d]ocumentation of [Javakhadze]'s receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor." (ECF No. 17-6 at 53; ECF No. 15-1 at 4); *see* 8 C.F.R. § 204.5(h)(3)(i). USCIS did not address the second prong—relating to a final merits analysis—in its first denial, (ECF No. 17-6 at 56), but USCIS addressed the second prong its second denial. (ECF No. 15-1 at 9-11). In the second denial, USCIS determined:

> The record indicates that the petitioner is a skilled chess player who has achieved the International Master title. The petitioner has demonstrated that he participated in and placed high or won a number of tournaments first at the youth level then at the collegiate level as a member of the UT Dallas chess team. The petitioner has also found regional success at tourorunents such as the Texas State and Amateur Championship. As a result, the petitioner has attained relatively high rankings from the International Chess Federation (FIDE) and the US Chess Federation. *However, the record does not adequately demonstrate that the petitioner has risen to the very top of the field*.
>
> The petitioner's performance in various tournaments has been noted in media coverage of the events, *but outside of routine event recaps, the record lacks evidence that the petitioner has been subject to wider media coverage and lacks evidence of other forms of acclaim*. Letters from coaches who have directly worked with the petitioner provide praise for his abilities, but the record lacks evidence of wider acclaim at the national or international level, or that any such acclaim has been sustained.

> *Therefore, users does not find the beneficiary to be an individual of extraordinary ability.*

(ECF No. 15-1 at 10) (emphasis added).

Javakhadze challenges USCIS's decision as arbitrary, capricious, and not in accordance with the law. (ECF Nos. 15, 16, 20).[3] Javakhadze challenges USCIS's denial decision with regard to the criteria of 8 C.F.R. § 204.5(h)(3)(ii); (iii); and (viii). (ECF No. 16 at 6-13).[4] The Court first reviews USCIS's findings whether Javakhadze met the criteria under § 204.5(h)(3)(ii), (iii), and (viii). The Court then reviews USCIS's finding that Javakhadze's evidence did not support that he has risen to the top of his field of endeavor and sustained national or international acclaim. After reviewing the evidence, the Court concludes that USCIS did not err in denying Javakhadze's Petition.

### A. Whether USCIS's Findings as to the Three Disputed Criteria Were Arbitrary and Capricious

*i.     Section 8 C.F.R. § 204.5(h)(3)(ii)*

To meet the criterion under § 204.5(h)(3)(ii), an applicant must present "[d]ocumentation of the alien's membership in associations in the field for which classification is sought, which

---

[3] Javakhadze does not challenge whether USCIS's decision was an abuse of discretion. (*See* ECF Nos. 15, 16).

[4] Javakhadze avers he did not seek to claim the criterion of original scientific, scholarly, artistic, athletic or business related contributions of major significance in the field," but that USCIS claimed that criterion in its denial. (ECF No. 16 at 6-7). However, the record shows Javakhadze's EB-1 petition contains the following exhibit reference and explanation:

> **EXHIBIT C - Evidence of your original scientific, scholarly, artistic, athletic, or business-related contributions of major significance to the field.**
>
> The Beneficiary has been a key member of the prestigious UT at Dallas Chess Team. This EB-1 petition contains photos of the Beneficiary's numerous chess trophies, awards and medals.

(ECF No. 17-9 at 6). Javakhadze does not otherwise brief this criterion. Thus, the Court pretermits any further corresponding discussion as to this criteria. *See generally* 8 C.F.R. § 204.5(h)(3)(v).

require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields." 8 C.F.R. § 204.5(h)(3)(ii). Javakhadze avers USCIS imposed an "unduly restrictive interpretation" of the regulations, but offers no further argument or reference to the record of such action. (ECF No. 16 at 11). As briefed, Javakhadze describes several pieces of evidence submitted, but (i) Javakhadze fails to refer the Court to specific evidence in the record and (ii) Javakhadze attached no corresponding appendix. (*See* ECF No. 16 at 9-13). Instead, Javakhadze refers to pages of policy memorandum as "attached"—though no documents are attached, and Javakhadze otherwise avers to a different policy by page without specific reference to any exhibit in the record or ECF number. (ECF No. 16 at 10, 12). The Court declines to sift through the record in search of such evidence. *See Ragas*, 136 F.3d at 458; *see generally Normore v. Dallas Indep. Sch. Dist.*, No. 3:18-CV-02506-E, 2023 WL 3937785, at *30 (N.D. Tex. June 9, 2023) (discussing summary judgment evidentiary citation concerns).

The Government refers the Court to evidence in the record that Javakhadze was a member of the University of Texas at Dallas (UT Dallas) chess team. (ECF No. 17-1 at 30; *see* ECF No. 17-3 at 14-55). The Government asserts that Jhavakadze's evidence submitted to USCIS does not meet the standards for the 8 C.F.R. § 204.5(h)(3)(ii) criteria.

Upon review of the record, the Court has found no evidence that shows such membership in the UT Dallas chess team "require[d] outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields." 8 C.F.R. § 204.5(h)(3)(ii). And, as discussed above, Javakhadze refers the Court to no competent summary judgment evidence in support.

Nevertheless, Javakhadze argues that he has submitted evidence under the "altnerative evidence" option pursuant to 8 C.F.R. § 204.5(h)(4)—that submitted evidence of election to a

national all-star or Olympic team might serve as comparable evidence for sufficient evidence under 8 C.F.R. § 204.5(h)(3)(ii). However, Javakhadze fails to brief how or why why the criterion found in 8 C.F.R. § 204.5(h)(3)(i)–(x) do not "readily apply" to Javakhadze's application as a chess player, and the Court has found no evidence in the record to support such a position. *See* 8 C.F.R. § 204.5(h)(4).

Here, the record of USCIS's decision as to this § 204.5(h)(3)(ii) criteria shows USCIS considered the relevant facts submitted and submitted a satisfactory explanation as to its decision. (ECF No. 15-1 at 4-6); *see Amin, 24 F.4th at 393; Motor Vehicle Mfrs., 463 U.S. at 43.* Thus, the Court cannot conclude that USCIS's decision was arbitrary and capricious when USCIS concluded Javakhadze did not satisfy § 204.5(h)(3)(ii).

    ii.    *Section 8 C.F.R. § 204.5(h)(3)(iii)*

To meet the criteria of 8 C.F.R. § 204.5(h)(3)(iii), an applicant must present evidence of "[p]ublished material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence *shall* include the title, date, and author of the material, and any necessary translation." 8 C.F.R. § 204.5(h)(3)(iii) (emphasis added). Javakhadze describes several pieces of evidence submitted, but again, Javakhadze almost entirely fails to refer the Court to specific evidence in the record. (ECF No. 8-9). The *only* reference to any record in Javakhadze's principal briefing as to this point is as follows:

> USCIS did not afford proper weight to that documentation, which was successfully utilized in the EB1 petition case for Woman International Master Mariam Danelia, as corroborated in the RFE response for this petition (**see exhibit D, parts 1 & 2**). A review of this section of the RFE response submitted under **Exhibit D** part one (**pages 147 – 178**) and Exhibit D part two (**pages 1-86**) supports a finding that the Plaintiff satisfies this instant criterion.

(ECF No. 16 at 9) (emphasis added in bold). Yet again, no "Exhibit D" is attached to any appendix submitted—as Javakhadze submitted no corresponding appendix. The Court declines to sift through the record in search of such evidence. *See Ragas*, 136 F.3d at 458; *see generally Normore*, 2023 WL 3937785, at *30.

The Government refers the Court to evidence Javakhadze submitted in relation to the 8 C.F.R. § 204.5(h)(3)(iii) criteria. (ECF No. 19 at 22-23). The record contains several written articles from media that mention Javakhadze. (*See, e.g.*, ECF No. 17-4 at 167-185). However, as USCIS noted in its denial, two of the articles Javakhadze submitted fail to identify an author, and two other articles were from sources that the record fails to support as "major media." Furthermore, the remaining published materials discuss the outcomes of various competitions—mentioning Javakhadze in passing as it related to competition results.[5]

---

[5] For example, the record contains the following published material:

> This year 20-years-olds world chess championship will take place in Turkey. *Among the Georgian boys, international Master Zurab Javakhadze will participate in this event. This became known yesterday. One round before the end of the Georgian U-20 Championship - in 8th round Javakhadze beat Giorgi Sibashvili with black pieces, gathered 7.5 points and gained the title of champion of the country ahead of schedule.* lrakli Beradze is in the second place with 6 points, Giorgi Nikolashvili and Nodar Lortkipanidze are in the third-fourth places with 5.5-5.5 points.
>
> Ana Kuchava is leading with 7 points among girls of the same age. Meri Arabidze and Ana Shamatava are 0.5 point behind. The identity of the holder of the gold medal and the trip to the World Cup will be revealed in the final round between Ana Kuchava, Mariam Valishvili, Mariam Choladze, Ana Shamatava, Meri Arabidze, Nino Gumberidze.
>
> Elene Kostava is leading in 12-year-old girls. With 6-6 points, Salome Sanikidze and Lile Koridze maintain a chance to win the championship. Among the boys, Koka Bukia beat Nika Khvadagiani and leads the tournament with 7 points. Nikoloz Petriashvili is in the second place with 6.5 points, while Davit Kankia and Mate Todashvili are on the 3rd and 4th places with 6-6 points. The winners will be named after the results of seven matches of today's 9th round. Salome Khutsurauli (5,5) - Elene Kostava (6,5), Salome Sanikidze (6) - Lile Koridze (6), Sandra Kapanadze (5,5) - Tamar Esadze (5); Koka Bukia (7) -Luka Oboladze (5), Nikoloz Petriashvili (6,5) - Tsotne Kvartskhava (5), Luka Shamugia (5) -Davit Kankia (6), Anton Nadiradze (5) -Mate Todashvili (6)

(ECF No. 17-4 at 10) (emphasis added).

The record of USCIS's denial shows a thorough analysis of Javakhadze's corresponding published material evidence, which contains discussion of both facts and an explanation. (ECF No. 15-1 at 6-8). USCIS concluded the submitted documents failed to demonstrate that Javakhadze met the criteria of 8 C.F.R. § 204.5(h)(3)(iii). (ECF No. 15-1 at 8). Javakhadze asks this Court to reweigh the evidence and come to a different conclusion, which is impermissible. *Motor Vehicle Mfrs.*, 463 U.S. at 43; *see also Amin*, 24 F.4th at 393. USCIS "considered the relevant facts and articulated a satisfactory explanation"—concluding Javakhadze failed to meet the 8 C.F.R. § 204.5(h)(3)(viii) criteria. *Amin*, 24 F.4th at 393. The Court cannot conclude that decision was arbitrary and capricious.

    iii.    *Section 8 C.F.R. § 204.5(h)(3)(viii)*

To meet the criteria of 8 C.F.R. § 204.5(h)(3)(viii), an applicant must present "[e]vidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation." 8 C.F.R. § 204.5(h)(3)(viii). Javakhadze describes several pieces of evidence submitted to USCIS, but again, Javakhadze offers no specific references to the record in his briefing. (ECF No. 16 at 7-8). Nevertheless, the Government refers the Court to evidence Javakhadze submitted in relation to the 8 C.F.R. § 204.5(h)(3)(viii) criteria. (ECF No. 19 at 23-25).

As submitted to USCIS to support this criteria, Javakhadze relies on much of the same evidence submitted to support the 8 C.F.R. § 204.5(h)(3)(ii) criteria. It is undisputed that Javakhadze was a member of the UT Dallas chess team. And, the record contains evidence from (i) Jim Stallings, Chess Director at UT Dallas, and (ii) Rade Milovanovic, 2008 U.S. Chess Co-Champion, in support of Javakhadze's petition. (ECF No. 17-3 at 14-16; ECF No. 17-2 at 28-29). Both Stallings and Milovanovic praise Javakhadze and his corresponding contributions to the UT

Dallas chess team. Although both letters compliment Javakhadze's performance in various competition(s), neither letter nor corresponding referenced documents in the record demonstrate Javakhadze's role within the UT Dallas chess team as critical.

Indeed, the record of USCIS's denial shows a thorough analysis of Javakhadze's corresponding published material evidence, which contains discussion of both facts and an explanation. (ECF No. 15-1 at 8-9). *Inter alia*, USCIS explained:

> While the letters provided indicate that the petitioner is a valued member of the UT Dallas chess team, neither adequately demonstrates how his role within the team is leading or critical for the program. Although the second RFE specifically asked for detailed and probative information addressing how the role is leading or oritical, to include the specific tasks or accomplishmeuts of the petitioner as compared to others, the petitioner has not provided such information. [. . . .] The letters provided do not address the petitioner's role on the team in relation to the other players, such as the captain of the team or other roles, nor do the letters demonstrate that the petitioner's own role is either leading or critical to the team.

(ECF No. 15-1 at 9). Nevertheless, Javakhadze again asks this Court to reweigh the evidence and come to a different conclusion, which is impermissible. *Motor Vehicle Mfrs.*, 463 U.S. at 43; *see also Amin*, 24 F.4th at 393. USCIS "considered the relevant facts and articulated a satisfactory explanation." *Amin*, 24 F.4th at 393. The Court cannot conclude that USCIS's decision that Javakhadze failed to meet the 8 C.F.R. § 204.5(h)(3)(viii) was arbitrary and capricious.

Here, USCIS's "reasoned decisionmaking process . . . satisf[ies] the lenient arbitrary-and-capricious standard of review." *Visinscaia v. Beers*, 4 F. Supp. 3d 126, 135 (D.D.C. 2013) (addressing similar challenge to USCIS's denial of an extraordinary-ability visa); *see, e.g.*, *Goncharov v. Allen*, No. 3:21-CV-1372-B, 2022 WL 17327304, at *6 (N.D. Tex. Nov. 29, 2022) (discussing the same). Thus, the Court cannot conclude USCIS erred in finding that Javakhadze only satisfied only one of the ten criteria listed in § 204.5(h)(3).

### B. Whether USCIS's Findings on the Final Merits Determination Were Arbitrary and Capricious

The Court next addresses whether USCIS erred in concluding Javakhadze did not demonstrate he had risen to the top of his field and sustained national or international acclaim. Javakhadze avers that the adminstrative record is "replete with evidence of the significant role the Plaintiff served on the highly successful UT Dallas chess team" and "replete with evidence demonstrating that the Plaintiff represents the top 2% of chess players worldwide" (ECF No. 20 at 2, 6). However, Javakhadze refers generally to the exhibits attached to his Amended Complaint; Javakhadze attached no appendix to his motion for summary judgment. (ECF No. 16 at 14) ("The exhibits submitted with the amended complaint "speak for themselves" and therefore the Plaintiff does not believe that is necessary or appropriate to resubmit the same evidence as part of this instant motion."). As indicated above, Javakhadze lacks specific citations to fact(s) from the record for the vast majority of his briefing. (*See generally* ECF No. 16).[6] The Court declines to sift through the record in search of such supporting evidence. *See Ragas*, 136 F.3d at 458; *see generally Normore*, 2023 WL 3937785, at *30.

Javakhadze's reply brief attaches an exhibit "of several EB1 petition approvals for chess players to highlight how favorably the Plaintiff's chess standing 'matches up' to the similarly situated chess players." (ECF No. 20 at 4). Reply appendices violate the Local Rules of the Northern District of Texas. The Local Rules governing summary-judgment motion practice in this Court do not permit a party to attach new evidence to its reply brief, except by prior permission from the Court:

> [Northern District of Texas Local] Rule 7.1(f), the general reply brief rule that applies to all civil motions, including summary judgment motions, see [Local] Rule

---

[6] Indeed, Javakhadze's motion for summary judgment contains approximately five references to the record—of which only two include specific page references. (ECF No. 16).

> 56.1, does not refer to an evidentiary appendix. Accordingly, a party may not file a reply brief appendix without first obtaining leave of court. Because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence, such leave will be granted only in limited circumstances.

*Tovar v. United States*, No. CIV.A. 3:98-CV-1682, 2000 WL 425170, at *4 n.8 (N.D. Tex. Apr. 18, 2000) (Fitzwater, J.), *aff'd*, 244 F.3d 135 (5th Cir. 2000) (per curiam). Thus, when a summary-judgment movant wants to refer to additional evidence at the reply stage, "he must seek leave of court to file a reply appendix." *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001). Here, Javakhadze did not request leave to file his reply appendix. (*See* ECF No. 20). Accordingly, the Court strikes the document at Doc. No. 20-1 for violating the Local Rules and will also disregard the corresponding argument in Javakhadze's reply brief. *See* N. D. Tex. Loc. Civ. R. 7.1(f), 56.1, 56.5, 56.6; *see Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) (discussing practice of obtaining leave).

The above notwithstanding, the record shows that USCIS conducted a step-by-step review of the evidence Javakhadze submitted. (ECF No. 17-6 at 51-56; ECF No. 15-1). Despite meeting only one of the ten criteria, USCIS nevertheless completed a final merits determination, (ECF No. 15-1 at 9-11), wherein USCIS ultimately determined Javakhadze was not "an individual of extraordinary ability." (ECF No. 15-1 at 10). Javakhadze's briefing merely disagrees with USCIS's conclusions about the evidence and its ultimate decision. "[M]erely disagreeing with the [USCIS's] conclusions about the evidence is insufficient to make them arbitrary and capricious." *Amin*, 24 F.4th at 389 (5th Cir. 2022) (internal quotation omitted).

Here, USCIS's final merits determination is not contrary to the statute and regulations. No evidence in the record otherwise shows that USCIS's denials of his were otherwise arbitrary, capricious, or otherwise not in accordance with law. 5 U.S.C.A. § 706(2)(a). Javakhadze provides insufficient support to overrule the applicability of the two-step process. *See Amin*, 24 F.4th at 388

(5th Cir. 2022) (citing *Kazarian*, 596 F.3d 1115).[7] Here, USCIS properly considered Javakhadze's evidence and found them wanting. (ECF No. 17-6 at 51-56; ECF No. 15-1). Javakhadze believes a different conclusion was warranted but that alone cannot make the decision arbitrary and capricious. The Court will not set aside a decision that "reflects the reasoned consideration the APA requires." *See Amin*, 24 F. 4th at 395.

## V.  CONCLUSION

For the reasons enumerated above, the Court DENIES Javakhadze's motion for summary judgment. (ECF No. 15). The Court GRANTS Defendants' cross-motion for summary judgment. (ECF No. 18). The Court shall follow with a separate final judgment. *See* Fed. R. Civ. P. 54.

**SO ORDERED.**

20th day of November, 2023.

                                                            ADA BROWN
                                                            UNITED STATES DISTRICT JUDGE

---

[7] Furthermore, "[i]f meeting the regulatory criteria was enough to establish one's acclaim, there would be no step two of the analysis." *Amin v. Mayorkas*, 24 F.4th 383, 395 (5th Cir. 2022).